## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## GENERAL CINEMA CORPORATION and its wholly owned subsidiary, Gentilly Woods Cinema, Inc., Respondent.

### No. 75–2006.

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1976.
Rehearing and Rehearing En Banc Denied March 5, 1976.

Elliott Moore, Robert Sewell, David Fleischer, Deputy Assoc. Gen. Counsel, N.L.R.B., Washington, D.C., Charles M. Paschal, Jr., Director, Region 15, N.L. R.B., New Orleans, La., for petitioner.

Jerry L. Gardner, Jr., New Orleans, La., for Loc. 293, Int'l Alliance of Theatrical Stage Empl. & Moving Picture Mach. Oper. of U.S. & Canada, AFL–CIO.

Donald A. Meyer, New Orleans, La., for respondent. .

Before BELL and DYER, Circuit Judges, and MEHRTENS, District Judge.

BELL, Circuit Judge:

The Board petitions for enforcement of its order finding that General Cinema Corporation and its wholly owned subsidiary, Gentilly Woods Cinema, Inc., (re-spondent) had violated § 8(a)(1), (2) and (3) of the National· Labor Relations Act, 29 U.S.C.A. § 158(a)(1), (2) and (3).

■ There was substantial evidence on the record as a whole to support the Board's finding that respondent (1) had violated § 8(a)(2) and (1) of the Act by recognizing Local 293, International Alliance of Theatrical Stage Employees and Moving Picture Operators of the United States and Canada (Local 293), as the exclusive bargaining representative of its projectionists before they were hired, see NLRB v. W. L. Rives Co., 5 Cir., 1964, 328 F.2d 464, 468–69; and (2) had violated § 8(a)(3) and (1) of the Act by executing and maintaining à contract containing a union-security provision. See NLRB v. Hudson Berlind Corp., 2 Cir., 1974, 494 F.2d 1200, 1203. There also is substantial evidence on the record as a whole to support the Board's finding that the respondent violated § 8(a)(3) and (1) of the Act by maintaining a hiring arrangement with Local 293 wherein preference in referral for employment was given to members of Local 293. See NLRB v. Southern Stevedoring Co. 5 Cir., 1964, 332 F.2d 1017, 1019. Thus, the order will be enforced in all respects save the provision as to backpay, to be hereinafter discussed.

This litigation had its genesis in a dispute between Local 293, a white union, and Local 293–A, a black union, both members of the same International and operating in the same geographical area of New Orleans.[1] Local 293 was organized in 1913. Local 293–A was organized in 1939. The dispute concerned the staffing of two positions in respondent's new Gentilly Woods theater.

Respondent had contracts with Local 293 to staff its Lakeside and Oakwood theaters in New Orleans. There had been a layoff of projectionists at these theaters due to automation and respondent had orally contracted with Local 293 to give any jobs created at new loca-

---

1. The extent of the controversy will be seen in *Projectionists Local 293 v. Projectionists Local* ′ *293–A*, 5 Cir., 1976, 526 F.2d ·316 involving an effort to merge the locals.

tions to laid off employees. Ordinarily, any question of others claiming the new jobs would have been avoided by this contractual obligation.

The situation became complicated, however, when Local 293–A wrote respondent that it represented black projectionists and that because the theater was near a black residential area, it claimed the two jobs in question on behalf of its members. The letter represented that members of Local 293–A were out of work and available for immediate assignment. Respondent had never heard of Local 293–A. Respondent notified the International Union of its dilemma and was told to deal with Local 293. The laid off employees were hired by respondent after referral by Local 293.

The Board's order requires that respondent:

"Make whole those persons, if any, for any loss of earnings they may have suffered by reason of Respondent's discrimination against them in the manner set forth in the 'Remedy' section of this Decision."

The "remedy" section of the Board's decision provides:

" . . . We shall also order the Respondent to make whole the lost wages of any person illegally denied employment because of its discrimination. Since the record does not estab-

lish what persons, if any, are entitled to backpay or when any backpay should commence or terminate, we shall leave such determination to the compliance stage of this proceeding. . . . "

It is to be noted that no determination has been made that any person is entitled to backpay. It is thus clear that we are being called upon to rule on a hypothetical question and to render an advisory opinion. Article III of the Constitution prohibits the rendition of advisory opinions. *See North Carolina v. Rice,* 1971, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413; *Muskrat v. United States,* 1911, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed.2d 246. Whether any person or persons will claim or be entitled to backpay depends upon factual developments not heretofore undertaken in the Board proceedings.

We vacate the backpay portion of the order and remand to the Board for further proceedings to determine (1) whether any particular person or persons claims or is entitled to backpay and (2) if so, whether respondent is absolved by its obligation to Local 293 to award the jobs to those projectionists who had been laid off at either the Lakeside or Oakwood theaters.

Enforced in part; enforcement denied in part.